NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL GARDUNO FONSECA, AKA Gabriel Garduno, AKA Jonathan Garduno, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 16-70410 <br><br> Agency No. A095-690-229 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Gabriel Garduno Fonseca, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Garduno Fonseca did not establish he was persecuted in Mexico, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003), and the agency's determination that he failed to demonstrate it is more likely than not he would be persecuted in Mexico on account of an enumerated ground, including membership in a particular social group comprised of his family, *see INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). We reject as unsupported by the record Garduno Fonseca's contentions that the IJ mischaracterized his social group claim or that the BIA failed to address it properly. Thus, his withholding of removal claim fails.

Substantial evidence also supports the agency's denial of Garduno Fonseca's CAT claim because he did not demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the Mexican government if

16-70410

returned. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013) (despite troubling country reports, record did not compel the conclusion that petitioner himself would more likely than not be tortured).

The BIA properly concluded that because Garduno Fonseca failed to request cancellation of removal before the IJ, the claim was not properly presented for appellate review. *See In re J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (issues not raised to the IJ are not properly before the BIA on appeal).

Finally, we lack jurisdiction to consider Garduno Fonseca's contention that he had ineffective assistance of counsel because he did not raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (petitioner must exhaust claims in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DIMISSED in part.**